20

Willie DAVIS, Plaintiff,

v.

FLOTA MERCANTE GRANCOLOMBIA-
NA, S. A., Defendant.

No. 77 Civil 3946 (MP).

United States District Court,
S. D. New York.

Feb. 2, 1978.

Zimmerman & Zimmerman, New York
City, for plaintiff; Edward D. Lory, New
York City, of counsel.

Giallorenzi & Stiles, New York City, for defendant; Thomas Stiles, and Edward A. Keane, New York City, of counsel.

## OPINION

POLLACK, District Judge.

The sole issue herein on the question of liability is whether the injury to plaintiff is attributable to negligence or fault of the defendant shipowner. The stevedore by whom the plaintiff was employed to unload the coffee cargo was given and had complete control of the area of the accident and the manner of performing the work at the time.

There is no proof of any defect in the ship's gear, the equipment or facilities, nor any proof that the ship's equipment or facilities were operated by the defendant negligently, nor any proof that the defendant was the cause of or contributed to plaintiff's injury.

The cargo was not that of the shipowner, and the shipowner did not do or omit doing any act to make the bags of coffee unsafe for the stevedores to safely unload them.

Furthermore, there was neither knowledge of nor notice to the shipowner of any dangerous condition in the work area of the accident. The work was not to be performed in a place unsafe to work. The plaintiff had worked in such an area many times and had never considered it any danger at all to him or those who worked in unloading coffee bags for coffee beans to be scattered there.

The plaintiff testified that the coffee bags were in good condition to his own observation. The method of discharging the cargo by taking the bags horizontally or from one vertical tier at a time was selected by the stevedore.

■ A shipowner does not have a duty to discover and correct hidden defects in the cargo after his ship has been loaded by competent stevedores.

■ The plaintiff's employer, UMS, that is, Universal, not the vessel owner, had the duty to provide plaintiff with a safe place to work after taking control of the working area at the No. 4 hatch. This means that UMS, and not the vessel owner, was responsible for the safety and working conditions of the longshoremen discharging cargo from the ship.

■ The defendant vessel owner, when it delivered to the independent contractor, UMS, possession and control of the No. 4 hatch of the ship, had no duty to employees of UMS, including plaintiff, to supervise the work they were performing in that hatch.

■ UMS was in possession and control of the No. 4 hatch and of the cargo being discharged and the responsibility of UMS, through its agents and employees, replaces that of the vessel owner who is, during the performance of the work by UMS, out of possession and without control over the work or the area surrendered to UMS.

■ The vessel owner had no obligation to UMS or its employees, including plaintiff, to give any warning with respect to any condition of the bags created by the longshoremen.

■ Even if a jury were to find that the vessel owner had knowledge of a potentially dangerous condition created by the stevedore, the vessel owner had no obligation to warn the stevedore's employee, the plaintiff, of the condition.

■ Once a stevedore such as UMS started its cargo handling operations, it was its duty, not the vessel owner's, to take such steps as were necessary to insure a safe place in which its employees could work. The vessel owner is not obligated to have a representative standing by to assure that the stevedore took such steps.

The defendant did not breach any duty owing to the plaintiff.

■ Accordingly, the plaintiff has failed to prove a prima facie case of liability of the defendant and, in all events, the jury would be and is directed to return a verdict for the defendant on the uncontradicted testimony. The complaint is dismissed with exception to the plaintiff.